UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF ALABAMA

In re:

MARVIN M. GLASS,                                                              Case No. 11-01261-MAM-7

      *Debtor.*

### ORDER GRANTING MOTION TO ENFORCE AUTOMATIC STAY

    Carrie Cromey, Attorney for the Debtor, Daphne, Alabama
    Marcus McDowell, Attorney for Narissa Nelson, Mobile, Alabama

    This case is before the Court on the Debtor's Motion to Enforce the Automatic Stay. The Court has jurisdiction to hear this matter pursuant to 28 U.S.C. §§ 157 and 1334 and the Order of Reference of the District Court. The Court has the authority to enter a final order pursuant to 28 U.S.C. § 157(b)(2). For the reasons indicated below, the Motion to Enforce the Automatic Stay is due to be GRANTED.

### FACTS

    Debtor filed this chapter 7 petition on March 30, 2011. On Schedule B of his petition he listed an "IRA-Edward Jones" valued at $24,000. On April 7, 2011, he filed a Summary of Schedules and Statement of Financial Affairs claiming the IRA as exempt under ALA. CODE 19-3-1. On Schedule F, Narissa Nelson is listed as an unsecured creditor holding a $10,045 claim for "2011 Judgment/Garnishment." On April 29, 2011 the Debtor filed a Motion for Enforcement of the Automatic Stay, Allowance of Claim of Exemption, and to Dismiss Garnishment. The Debtor filed a Motion to Expedite Hearing on May 5, 2011, and an Amended Motion for Emergency Hearing the same day. The Debtor's 341 Meeting of Creditors is scheduled for May 16, 2011, at 11:00 a.m.

1

A hearing on the Debtor's Emergency Motion for Enforcement of the Stay was held on May 9, 2011. At the hearing, Nelson offered two exhibits. Exhibit "A" is an order from the Circuit Court of Baldwin County, Alabama, signed by Judge Thomason. In the order, Judge Thomason states that the Defendant (Mr. Glass) is in contempt of court, that he can purge himself of contempt by paying $10,000 in attorney's fees to Narissa Nelson, that she finds the nature of the award to be a Domestic Support Obligation, and that the award is a reimbursement of domestic support rather than an award of attorney's fees. Exhibit "B" is a memorandum of law submitted to the Baldwin County Circuit Court by counsel for the Debtor in support of his motion to dismiss garnishment. Both exhibits were accepted in to evidence, and after brief argument, this matter was taken under advisement.

LAW

At the time a bankruptcy case is filed, all of a debtor's property becomes property of the bankruptcy estate. 11 U.S.C. § 541. Efforts to collect against the property of the estate are stayed until such property is no longer property of the estate. 11 U.S.C. § 362(c). Once all of the debtor's property comes into the bankruptcy estate, the debtor has the opportunity to exempt certain items in accord with 11 U.S.C. § 522(b) or applicable state law. In this case the Debtor claims his IRA is exempt under Ala. Code. § 19-3-1, but that section was repealed by the Alabama Legislature in 2007. Without further evidence of which code section the Debtor relies on in claiming his exemption, the Court will look to the exemptions listed in the Bankruptcy Code. § 522(b)(3)(C) states that retirement funds are exempt to the extent that those funds are in a fund or account that is exempt from taxation under section 401, 403, 408, 408A, 414, 457, or 501(a) of the Internal Revenue Code of 1986. It is unclear at this time whether the Debtor's IRA would fit within that exemption.

2

After the debtor lists his or her exemptions, the trustee holds a § 341 meeting of creditors. At the conclusion of the meeting of creditors, the trustee and creditors have 30 days to object to exemptions. FED. R. BANKR. P. 4003. If no party in interest objects, then the property listed by the debtor becomes exempt. 11 U.S.C. § 522(l).

In this case, the § 341 meeting of creditors has not yet been held, and the 30 day window for creditors and the trustee to object to exemptions has not yet begun. Therefore, it is premature to determine whether the Debtor's IRA is an exempt asset at this time. Filing of the bankruptcy petition caused all of Mr. Glass' property to become property of the bankruptcy estate, and efforts to collect on that property are stayed until further notice or operation of law.

At the hearing on May 9, Debtor's counsel presented the Court with an unpublished opinion from Bankruptcy Court for the Middle District of Alabama, *In re Waters*, 2007 WL 1834901 (Bankr. M.D. Ala. 2007). In that case, the trustee objected to the debtor's exemption of an IRA, seeking to collect exempt assets, convert them to cash, and pay off domestic support obligations. That court discussed whether § 522(c) overrides § 522(b) and Ala. Code. § 19-3-1, and determined that the trustee's objection was due to be overruled. In that case, the court reached a consideration of § 523(a)(5) after determining the asset was exempt. The reasoning in that case does not apply to the case at hand.

In present case, the Court is unable to reach such a decision because the 30-day time period for objection to exemptions has not yet begun. Furthermore, more evidence would be required as to the nature of the IRA in order to determine its tax exempt status, and thus its exempt status, under 11 U.S.C. § 522(b)(3)(C).

3

Therefore, it is ORDERED that the Motion to Enforce Stay is GRANTED.

Dated: May 12, 2011

_____
MARGARET A. MAHONEY
CHIEF U.S. BANKRUPTCY JUDGE